UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**NELSON MARTINEZ,**

    **Plaintiff,**

**vs.**                                                          **CASE NO. 4:23-CV-00185-MW-MAF**

**SGT. MILLER,**
**et al.,**

    **Defendants,**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff, Nelson Martinez, a prisoner proceeding pro se, initiated this civil rights action pursuant to 42 U.S.C. 1983. ECF No. 1 and 2. Plaintiff did not pay the $402 filing fee but filed an incomplete motion to proceed *in forma pauperis* (IFP), which was denied. ECF No. 2. The Court reviewed the complaint as required by 28 U.S.C. § 1915A, found the complaint was legally deficient, and ordered Plaintiff to amend and to pay the filing fee or submit a complete IFP application by **June 12, 2023**. ECF No. 4. Plaintiff filed an amended complaint, which did not cure the deficiencies, ECF No. 5; so, the Court issued a second order giving Plaintiff until **July 5, 2023**, to comply. ECF No. 7. As of the date of the drafting of this Report, Plaintiff did not file

an amended complaint, did not refile a complete IFP motion, and did not pay the fee. As explained below, this case should be dismissed.

I. **Plaintiff's Amended Complaint, ECF No. 5.**

Plaintiff named thirty-seven defendants; just three are sued in their individual capacity. ECF No. 5, pp. 1-3. There is no information for numerous defendants what would assist in service of the complaint; nor did Plaintiff indicate in what capacity they were being sued. Id., pp. 2-3. Plaintiff's amended complaint is no model of clarity and is a set of legal conclusions.

Plaintiff claims that security officers knew what happened on September 11, 2020, and April 19, 2021. Id., p. 6. Plaintiff listed other dates but there is no explanation of what happened on any of these dates or how any defendant was involved. Id. According to Plaintiff, defendants are in violation of the Rules of Conduct and generally alleges negligence, discrimination, mental abuse, cruel physical punishment, and Eighth Amendment violations. Id., pp. 7-8.

Plaintiff claims to suffer from pain, mental damages, PTSD, and physical injuries. Id., 8. Plaintiff does not explain how any injuries occurred, what the injuries are, or how any defendant is responsible for any injury. Plaintiff seeks $1,000,000 from each defendant. Id. The complaint is legally

insufficient because it is a shotgun pleading. Plaintiff was ordered again to amend but, to date, has not done so.

## II. Shotgun Pleadings are Impermissible

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "'Further, the allegations in the complaint 'must be simple, concise, and direct,' Fed. R. Civ. P. 8(d)(1), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." LaCroix v. W. Dist. of Ky., 627 F. App'x 816, 818 (11th Cir. 2015).

"A 'shotgun pleading' -- one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief' -- does not comply with the standards of Rules 8(a) and 10(b)." Id. (citations omitted). The Eleventh Circuit "has repeatedly condemned shotgun pleadings." Id. (citing PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010)). Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. See Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321. Next, is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third type of shotgun pleading does not separate "into a different count each cause of action or claim for relief." Id. at 1323. "Fourth, and finally, there is" the pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. "The unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

     Plaintiff does not offer any set of facts attributable to any defendant. Legal conclusions are insufficient. The Court ordered Plaintiff to amend. However, Plaintiff ignored the Court's order.

### III.   Dismissal for Failure to Comply with Court Orders

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" <u>Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.</u>, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting <u>Chambers v. NASCO, Inc</u>., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). <u>Id</u>.

Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." <u>Goforth v. Owens</u>, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. <u>Gratton v. Great American Communications</u>, 178 F.3d 1373, 1374 (11th Cir. 1999). Plaintiff failed to comply with the Court's orders to properly amend the complaint and refile the IFP motion or pay the filing fee by the deadlines. Plaintiff had liberal opportunity to comply. Dismissal is warranted.

### IV.   Conclusion and Recommendation

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 5, be **DISMISSED** because it is a shotgun pleading and because

Plaintiff failed to comply with court orders, pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. Loc. R. 41.1. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where ethe litigant has been forewarned, generally is not an abuse of discretion."). It is also **RECOMMENDED** that the case be **CLOSED**.

IN CHAMBERS at Tallahassee, Florida on July 12, 2023.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**